```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA

CARL J. BEENE,                  )
                                )
            Plaintiff,          )
                                )
v.                              )     Case No. CIV-13-029-FHS-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Carl J. Beene (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on February 13, 1952 and was 59 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a pipe fitter. Claimant alleges an inability to work beginning December 15, 2009 due to limitations resulting from two crushed vertebrae in his neck and left knee problems.

**Procedural History**

On June 10, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 18, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Michael A. Kirkpatrick. On August 11, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on November 16, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform a full range of medium work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to find Claimant's neck problems as a severe impairment.

**Evaluation of Claimant's Neck Impairment**

4

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative changes of the left knee, status post remote meniscectomy and chondroplasty, secondary to a work-related injury. (Tr. 18). The ALJ also found Claimant retained the RFC to lift/carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk for 6 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday and, therefore, could perform a full range of medium work. (Tr. 20). The ALJ then applied the Medical-Vocational Guidelines to find Claimant not disabled for the relevant period.

Claimant contends the ALJ should have determined that his neck condition represented a severe impairment. From July 29, 2004 through August 11, 2004, Claimant received chiropractic treatment from Robert Simpson, D.C. (Tr. 272-83). Claimant complained of sharp neck pain which extended down his left arm. (Tr. 273).

On May 11, 2009, Claimant sought treatment at the Central Palm Medical Center in West Palm Beach, Florida. Claimant again complained of pain in his neck extending to his left shoulder and arm. (Tr. 224). On May 13, 2009, Claimant returned complaining of pain in his neck and left shoulder. The physician noted spasms and tenderness in the cervical spine area. (Tr. 223). Claimant returned for further evaluation and treatment on May 15 and May 22,

2009. (Tr. 221-22).

On July 14, 2010, Claimant underwent a consultative examination by Dr. Ronald Schatzman. Claimant told Dr. Schatzman that he had two crushed vertebrae in his neck, that his left arm went numb, and he experienced left knee and hip problems. (Tr. 228). Claimant reported numbness, tingling, dizziness, fainting and weakness. He also stated he had lower back pain, painful joints, muscle spasms or cramps, and injury to muscles, joints, or bones. Dr. Schatzman found Claimant's neck to be supple with no raised jugulo-venous distensions, no palpable thryomegaly or adenopathy, midline trachea, and no carotid bruits. (Tr. 229).

Dr. Schatzman also found no point tenderness, adequate peripheral pulses, and grip strength 5/5 bilaterally strong and firm. Claimant was able to perform both gross and fine tactile manipulation. Finger to thumb opposition was adequate. Claimant's knees were stable in all range of motion exercises. Great toe strength was equal bilaterally. (Tr. 230).

Dr. Schatzman noted Claimant's cervical spine had pain with decreased range of motion. Both thoracic and lumbar-sacral spines were non-tender with full range of motion. Straight leg raising reflex was negative bilaterally in both sitting and supine positions. Claimant's gait was safe and stable with appropriate

speed without the aid of assistive devices. Heel/toe walking and tandem gait were normal. (Tr. 230).

X-rays from May 11, 2009 showed degenerative changes in the cervical spine throughout with loss of disc space and spurs both anterior and posterior. The most severe changes involved C5-6 with lesser changes at C3-4 and C6-7. Significant facet disease bilaterally was noted at C3-4. Incidentally noted was accessory ossicle off C7 spinous process. (Tr. 301).

Claimant submitted certain records to the Appeals Council for its consideration that were not submitted to the ALJ. On May 21, 2012, Claimant was examined by Dr. Kris Parchuri at The Orthopedic Center. Dr. Parchuri documented that Claimant held his neck stiffly and could only forward flex with rotation at 30 degrees either direction. (Tr. 306). X-rays revealed degenerative disc disease of the cervical spine, osteophytes, and collapse of C5-6 with calcified discs at C3-4. Id.

On May 22, 2012, Claimant was examined by Dr. Ahmer Hussain. Dr. Hussain concluded Claimant had mild cervical tenderness with limited range of motion. (Tr. 302). He diagnosed Claimant with cervicalgia with left upper extremity radiculopathy. Id.

The Appeals Council concluded that these additional records did not provide a basis for changing the ALJ's decision. (Tr. 2).

7

The ALJ recognized Claimant's medical records as they pertained to his neck condition. He determined, however, that the allegations of disabling neck impairment was "simply not supported by objective medical evidence." The ALJ noted Claimant had only received chiropractic care and taken over-the-counter pain medication. (Tr. 19).

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28.

A claimant's testimony alone is insufficient to establish a

severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

While it is true that Claimant's medical treatment has been sparse for the neck condition, it is apparent from the objective testing that Claimant has limited range of motion in his neck which undoubtedly would restrict certain basic work activity. On remand, the ALJ shall reconsider the medical evidence regarding the severity of Claimant's neck condition and determine through a functional analysis the extent to which the condition limits

9

Claimant's work activities.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE